### George Gibbs *vs.* Charles N. Downs et al.

Third Judicial District, New Haven, January Term, 1920.
Prentice, C. J., Wheeler, Beach, Case and Curtis, Js.

A personal injury received by a corporate employee while putting chains upon an automobile owned by and used solely for the pleasure of the principal executive officer of the company, for whom such employee occasionally rendered voluntary small services of like nature in the hope of receiving presents or tips therefor, does not "arise out of or in the course of" his corporate employment, within the meaning of that expression in our Workmen's Compensation Act; nor do such facts establish any contractual relation between the car owner and the injured employee; and therefore the latter is not entitled to compensation either from the company or from the owner of the automobile.

Submitted on briefs January 22d—decided March 5th, 1920.

Pro Forma Judgment rendered by the Compensation Commissioner for the fifth district in favor of the

defendants upon the plaintiff's claim for compensation, filed in and reserved by the Superior Court at Waterbury in New Haven County, *Kellogg, J.*, for the advice of this court. *Judgment dismissing appeal advised.*

The plaintiff, Gibbs, is employed regularly by the defendants, the Alling Realty Company and the Home Trust Company, under "contract of employment," within the Workmen's Compensation Act. These companies have their offices in a building owned by the Home Trust Company, and the defendant Downs, who has placed himself under the Act, is the active head and principal executive officer of each of these corporate respondents. While upon the business of either of these corporations, Gibbs takes his orders from Downs. The plaintiff was injured while putting chains on the wheels of a pleasure car owned by Downs. This service was rendered at the request of Downs and for his personal and individual benefit. The personal relation between the plaintiff and Downs is described by the Commissioner as follows: "It has also been customary for Mr. Downs from time to time to request plaintiff to do various small services as a personal accommodation to Mr. Downs. He has from time to time done things like greasing a car, assisting to put up the awnings at Mr. Downs' residence, and assisting occasionally to work on the lawns at Mr. Downs' residence. . . . Mr. Downs has never paid him directly, or agreed to pay him directly, for these services, but has from time to time given him presents, which, as nearly as can be ascertained, have averaged $50 a year. Had it not been for the fact that Mr. Gibbs did perform such services for him from time to time these presents or tips would not have been given." The Commissioner ordered, *pro forma*, that the claim of the plaintiff be dismissed, and the case is reserved for the advice of this court under § 5383 of the General Statutes, as

amended by Chapter 142, § 16, of the Public Acts of 1919. The question reserved is not formulated, as it should have been, but may be stated as follows: Whether the plaintiff was at the time of the injury in the course of an employment by either one of the three defendants, and if so, whether his injury arose out of such employment.

No counsel appeared in behalf of the plaintiff.

*Leonard J. Collins*, for the defendants Charles N. Downs and the Ætna Life Insurance Company.

*William BroSmith* and *Robert C. Dickenson*, for the defendants the Travelers Insurance Company, the Home Trust Company and the Alling Realty Company.

BEACH, J. The plaintiff's injury did not arise out of and in the course of his employment by either one of the corporate defendants. He was engaged at the time in putting chains on the wheels of a pleasure car belonging to the principal executive officer of two of the defendant corporations, but there is nothing to show that the car had been used in or about the business of either corporation, or that it was intended to be so used on this particular occasion. On the contrary, the finding is that the day of the accident was a holiday, and that the defendant Downs was intending to take a trip to New Haven and because of the weather conditions requested the plaintiff to put on these chains. If the plaintiff was before that time in the performance of his duties as janitor of the Trust Company's building, he had turned aside from that employment. The finding of facts makes it clear that both Gibbs and Downs treated services of this kind as rendered to Downs as an individual, and for his personal accommo-

dation.  Upon the facts stated, neither of the corporate defendants can be held liable.

The next question is whether the facts show a contract of employment between Downs and Gibbs.  We think not.  On the findings in this case it is hard to see how Gibbs could recover the reasonable value of his services in an action at law against Downs: whether the action was brought on the theory of a continuing contractual relation, or on the theory that each request for and performance of service constituted a separate employment.  The finding negatives the idea of any agreement to pay on Downs' part.  And it is perfectly reasonable that Gibbs should voluntarily render occasional services of the kinds described to the representative of his corporate employers, without intending to subject him to any pecuniary obligation, but should be satisfied with the probability of receiving what the Commissioner describes as "presents or tips."

The relation thus outlined in the finding is a not uncommon one where occasional services are rendered in the hope of receiving compensation, and accepted with the intention of making compensation; but where no basis of contract can be found because the parties have preferred to deal with each other on a social rather than a business footing, and to treat both service and reward as voluntarily given.

The Superior Court is advised to render judgment affirming the order of the Commissioner and dismissing the appeal.

No costs will be taxed in this court.

In this opinion the other judges concurred.