VIRGINIA OLEKSINSKI *v.* JOHN FILIP.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 4—decided March 5, 1943.

*Thomas J. Birmingham,* with whom, on the brief, was *James F. Kennedy,* for the appellant (plaintiff).

*Walter J. Sidor,* with whom was *Joseph J. Trantolo,* for the appellee (defendant).

DICKENSON, J.   The defendant was returning home in a car driven by an acquaintance who had gratuitously conveyed him on an errand.   The driver negligently injured the plaintiff, who brought this action

against the defendant as principal of the driver. From a judgment for the defendant the plaintiff appealed. The sole ground of appeal is the conclusion of the trial court that the defendant was not responsible for the driver's negligence.

The facts are these: William Ortyl, who lived in Rockville, had driven the car, which was owned by Charles Conas, to the defendant's farm in Ellington. At that time Ortyl had with him his father and the purpose of the trip was to ascertain whether the defendant would hire the elder Ortyl for work on the farm. The defendant agreed to hire the father to start work the following day. While the Ortyls were at the farm the defendant remarked that he wanted to go to Rockville to ascertain if he could hire additional help for the following Friday and Saturday. Thereupon William Ortyl offered to drive him to Rockville for that purpose and to bring him back to the farm. The defendant accepted the offer. When they arrived in Rockville they made two calls at the defendant's request, dropped the elder Ortyl at his home and then started back. On their way out of Rockville to the defendant's farm the collision occurred. The trial court held that, while in a broad sense Ortyl was the defendant's agent, the defendant was not liable because he had no right to control Ortyl in the operation of the car.

The fact that the transportation was gratuitous in itself is not decisive of the question of agency. A volunteer may in law be the servant of one who accepts his services. 2 Mechem, Agency (2d Ed.), § 1859; Restatement, 1 Agency, § 225. But, to constitute the relation of master and servant, the one for whom the service is rendered must consent to receive the services as master, that is consent to their being performed

under his direction and control. There must be "submission by the one giving service to the directions and control of the one receiving it as to the manner of performance." Restatement, 1 Agency, § 221, comment c. In the absence of this the relation does not exist.

Our own decisions are in accord with this rule. "There is no dispute about the ultimate test. It is the right of general control of the means and methods used by the person whose status is involved." *Ross* v. *Post Publishing Co.*, 129 Conn. 564, 29 Atl. (2d) 768; *Tierney* v. *Correia*, 120 Conn. 140, 145, 180 Atl. 282; *Aisenberg* v. *C. F. Adams Co., Inc.*, 95 Conn. 419, 421, 111 Atl. 591. The point is well illustrated in our recent case of *Shaker* v. *Shaker*, 129 Conn. 518, 29 Atl. (2d) 765. In that case a son was driving his sister's car, of which their father had the use, upon the father's business. The father, who was in the car, knew nothing about its operation and had no license to drive (facts appearing in the finding but not in the opinion); but his son was under his direction and control and so, we held, was his agent. The father had the right to direct the son as to the course to be followed and the manner in which the car was to be driven. This right the defendant did not have in the case before us.

If both parties understand that the rendition of services is merely a courtesy extended by one to the other, without intent to create the relationship of master and servant, then that relationship does not exist. *Gibbs* v. *Downs*, 94 Conn. 487, 109 Atl. 170. The trial court reasonably could have concluded that that was the situation in this case, and the subordinate facts warrant its conclusion that the defendant did not have the right of control essential to render him liable

as master. *Greenberg* v. *Lotz Asbestos Co.,* 109 Conn. 441, 450, 146 Atl. 834.

There is no error.

In this opinion the other judges concurred.