UNITED STATES FIDELITY AND GUARANTY COMPANY *v.*
SPRING BROOK FARM DAIRY, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 4, 1948—decided January 7, 1949

*Joseph G. Shapiro* and *James J. A. Daly,* for the appellant (plaintiff).

*Carlos A. Richardson,* with whom was *J. Noxon Howard,* for the appellee (defendant administrator).

MALTBIE, C. J.   The complaint in this action for a declaratory judgment alleges the following facts: The plaintiff had issued to the defendant dairy company a policy of insurance covering its liability for bodily injuries caused by accident arising out of the ownership and use of motor vehicles it owned and a policy covering its liability to any of its employees under the Workmen's Compensation Act.   The deceased, a thirteen-year-old boy who was accompanying one of

the employees of the dairy company while he was using a truck owned by it in making milk deliveries, fell from the truck and died as the result. The administrator upon the deceased's estate is threatening to bring suit against the dairy company for damages for the death, claiming that the deceased was not its employee within the Workmen's Compensation Act. The plaintiff contends that the deceased was such an employee. It sought a declaratory judgment determining whether or not that was so. The case was claimed for trial to the jury, certain interrogatories were submitted to them and, upon the basis of the answers they made and other facts it found, the trial court adjudged that the deceased was not an employee of the dairy company within the meaning of the Workmen's Compensation Act. From that judgment the plaintiff has appealed.

The dairy company filed no pleadings, but the administrator, to whom we shall hereinafter refer as the defendant, filed an answer, and thereafter a claim in the usual form that the case be put on the jury list. Subsequently the plaintiff made a motion that the case be stricken from that list; and in that motion it stated that, while issues of fact might be submitted to the jury as in other actions, it was improper to claim the entire case for the jury. The court denied the motion without filing a memorandum. At the beginning of the trial, over which a judge other than the one who denied the motion presided, the plaintiff made an oral motion that the case be heard by the court without a jury on the ground that no issue distinctly cognizable at law was presented upon the pleadings. The trial court denied the motion, stating that it would abide by the earlier ruling. When the case was tried, the court, instead of submitting the case to the jury

for a general verdict, put to them seven specific interrogatories which they answered.

Before us the plaintiff contends that it had a right to have all the issues in the case tried by the court without a jury and that to submit any of them to the jury constituted error. The constitution provides: "The right of trial by jury shall remain inviolate." Conn. Const. Art. I § 21. Under this provision no party has a constitutional right to a trial by jury of any action not so triable in 1818, when the constitution was adopted. *Castle* v. *Lawlor*, 47 Conn. 340, 342; *Seeley* v. *Bridgeport*, 53 Conn. 1, 2, 22 A. 1017. Accordingly, equitable actions, as such, are not within the constitutional requirement; *Meriden Savings Bank* v. *McCormack*, 79 Conn. 260, 262, 64 A. 338; *Doris* v. *McFarland*, 113 Conn. 594, 608, 156 A. 52; and this is true of actions established by statute since the constitution was adopted, unless, perhaps, the new remedy constitutes "a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury." *Meigs* v. *Theis*, 102 Conn. 579, 592, 129 A. 551; 31 Am. Jur. 569, § 20. The protection of the constitutional guarantee cannot, however, be avoided by presenting in an equitable action distinct issues which in 1818 were triable to a jury. *Berry* v. *Hartford National Bank & Trust Co.*, 125 Conn. 615, 618, 7 A. 2d 847; *National Bank of Commerce of New London* v. *Howland*, 128 Conn. 307, 310, 22 A. 2d 773; *Savings Bank of New London* v. *Santaniello*, 130 Conn. 206, 208, 33 A. 2d 126. As regards statutory actions created since 1818 within the scope of which fall issues which, if presented in ordinary actions, might be determined either at law or in equity, the right of trial by jury as to the former still exists. *Miles* v. *Strong*, 68 Conn. 273, 286, 36 A. 55; *Dawson* v. *Orange*, 78 Conn. 96, 100, 61 A. 101. The rules governing actions for

declaratory judgments state: "Issues of fact necessary to the determination of the cause may be submitted to the jury as in other actions." Practice Book § 251 (f). This provision makes applicable to actions for declaratory judgments the principles we have stated; and, accordingly, in *Linahan* v. *Linahan*, 131 Conn. 307, 314, 39 A. 2d 895, we pointed out that issues might be presented which a party would have a right to have tried to the jury, but we held that the issue in that case was one which would have been cognizable in equity, and hence there was no right to have it tried to a jury.

The constitutional provision does not prevent the legislature from requiring jury trials in cases not within its terms. Accordingly, it is now provided that certain specified actions and "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity" shall, if a proper claim is made, be entered on the jury docket, but that certain specified actions and "all other special statutory proceedings which, prior to January 1, 1880, were not triable by jury, shall be entered on the docket as court cases." General Statutes (Rev. 1930) § 5624. Actions for declaratory judgments were created by a statute enacted in 1921; Public Acts, 1921, Chap. 258; and, subject to the constitutional limitation we have stated, are under the statute to be entered upon the court docket. The vital issue in the case before us is whether the deceased was within the terms of the Workmen's Compensation Act and so could not maintain an action against the dairy company based upon the common-law negligence of its employee. The workmen's compensation law was first enacted in 1913, and so the issue here presented was not one which was triable by a jury in 1818, when the constitution was adopted, or in 1880, so that under neither the constitu-

tion nor the statute was it one which could properly be entered on the jury docket, even when claimed for it. It is true that a court may, on the application of either party, order that any issue or issues of fact in an action demanding equitable relief be tried to a jury; General Statutes, § 5625; but an action for a declaratory judgment is not one in equity; *Silberman* v. *McLaughlin*, 129 Conn. 273, 276, 27 A. 2d 634; nor were the issues presented in this case equitable in their nature. Even if the plaintiff had made an application to have those issues, or any of them, tried to the jury, the statute would not have authorized an order that it be done. The interrogatories should not have been submitted to the jury. The error in that regard does not, however, require us to remand the case for a retrial.

In a special finding made by the trial court on motion of the defendant and incorporated into the judgment file, these facts are stated: The dairy company operated a dairy and milk delivery routes. More than five employees worked for it and so it was within the Workmen's Compensation Act. It had on May 25, 1946, and had had for about three weeks previously, an employee named Danaher who operated one of its milk routes. On Saturday, May 18, 1946, a week before the day of the accident, about 8 o'clock in the morning, the deceased, in accordance with an arrangement made by him, his father and Danaher, met Danaher as he was starting out on his assigned route, helped him deliver milk to the customers until all were served and then went with him to the dairy. There the deceased started to assist in unloading the truck but was stopped by Danaher. About noon that day Danaher gave him $2. On May 25, 1946, the deceased again met Danaher as he was starting on his route, in accordance with an understanding between the two, helped him make deliveries and remained with him

until the time of the accident. Danaher intended to give the deceased $2 at the conclusion of the day, but the accident intervened. Danaher was the driver of an established milk route. He was paid weekly wages upon the company's pay roll, and, while entitled to commissions for securing new customers, he had received none. The company supplied the milk and set the price for its sale. It furnished, maintained and repaired the necessary equipment. It retained the right to control his work and methods used in it and could discharge him at any time. He was required to do the work personally and had no authority to hire a substitute without the company's permission. He was obliged to turn over to it any money he collected, and it determined the customers to whom credit should be given.

The special finding concludes with a statement that the jury in response to an interrogatory found that Danaher was not an independent contractor. The plaintiff in its brief disavows any purpose to attack that conclusion, but, stressing the word "independent" in the interrogatory, claims that Danaher was nevertheless a contractor within the meaning of § 5230 of the General Statutes, which provides that, when a principal employer shall procure work to be done for him wholly or in part "by a contractor, or through him by a subcontractor," as a part of the trade or business of the principal employer and in, on or about premises under his control, he shall be liable to the same extent as though the work were done without the intervention of the contractor or subcontractor. In its brief the plaintiff definitely bases its claim that the deceased was within the Workmen's Compensation Act upon our decision in *Hoard* v. *Sears Roebuck & Co.*, 122 Conn. 185, 188 A. 269. In that case the trial court found that the defendant had a contract with Hatha-

way for the removal of rubbish from the rear of the premises upon which it conducted a store and that the plaintiff, injured in the course of that work, was an employee of Hathaway; and we sustained the trial court's conclusion that the plaintiff was within the Compensation Act by virtue of the provisions of § 5230.

An employee ordinarily works under an agreement with the employer. Where, however, one undertakes to perform work for another under a contract which makes him responsible only for the result and under which he is not subject to the general control of the principal as regards the means and methods by which that result is to be accomplished, he is not an employee within the Compensation Act. *Tortorici* v. *Sharp Moosop, Inc.,* 107 Conn. 143, 146, 139 A. 642; *Francis* v. *Franklin Cafeteria,* 123 Conn. 320, 323, 195 A. 198; *Cumbo* v. *E. B. McGurk, Inc.,* 124 Conn. 433, 435, 200 A. 328. To distinguish the contractual relationship of such a person from that of an employee, we have spoken of the former as an "independent contractor." Persons employed by such a person are not employees of the person for whom the work is being done. *Jenkins* v. *Reichert,* 125 Conn. 258, 265, 5 A. 2d 6; *Bates* v. *Connecticut Power Co.,* 130 Conn. 256, 259, 33 A. 2d 342. Without § 5230, they would have no right to claim compensation from the principal under the act, and the purpose of that section is to broaden its scope so as to include them, if the conditions specified in it are met. *Bello* v. *Notkins,* 101 Conn. 34, 38, 124 A. 831; *Johnson* v. *Mortenson,* 110 Conn. 221, 226, 147 A. 705. The word "contractor" in § 5230 has the same significance as the words "independent contractor" used by us in deciding whether the person actually performing the work is entitled to compensation as an employee. In fact, in *Hoard* v. *Sears Roebuck & Co.,* supra, 190, we referred to a

"contractor" under § 5230 as an "independent contractor." The distinction the plaintiff seeks to make between a "contractor" and an "independent contractor" as regards the meaning and effect of § 5230 has no basis in the law. The test is the same as that which determines whether a person who is himself claiming compensation is an employee or an independent contractor.

The plaintiff in its assignments of error attacks certain of the paragraphs in the special finding. We point out in passing that such a finding becomes a part of the judgment; it is a very different thing from a finding made under Practice Book, § 336, for the purpose of presenting to this court for review claimed errors of law in the course of the trial; see *Corbett* v. *Matz,* 72 Conn. 610, 612, 45 A. 494; Practice Book § 339; Conn. App. Proc. § 90; and the procedure under our rules for securing corrections in the latter type of finding are not applicable to a special finding which forms a part of the judgment file. That aside, none of the findings as to the conditions of Danaher's employment are attacked by the plaintiff. The trial court did not state its own conclusion that Danaher was an employee of the company and not an independent contractor. The facts found, however, permit no reasonable conclusion other than that this was so. *Aisenberg* v. *C. F. Adams Co.,* 95 Conn. 419, 421, 111 A. 591; *Morganelli* v. *Derby,* 105 Conn. 545, 552, 135 A. 911; *Caraher* v. *Sears Roebuck & Co.,* 124 Conn. 409, 412, 200 A. 324; *Bieluczyk* v. *Crown Petroleum Corporation,* 134 Conn. 461, 465, 58 A. 2d 380.

The plaintiff does not claim that the deceased was hired by Danaher acting as an employee within the scope of his authority or that Danaher was an independent contractor. Its sole contention is that Danaher was a "contractor" within the provisions of § 5230.

Upon the undisputed facts in the record, that contention is without support. We do not need to consider whether the deceased was hired by Danaher to help him or was merely a volunteer to whom Danaher paid or expected to pay money in the nature of gratuities; *Gibbs* v. *Downs,* 94 Conn. 487, 490, 109 A. 170; for in neither event was the deceased within the Compensation Act. Under these circumstances, it would serve no purpose to remand the case for a new trial because of the error in submitting certain issues to the jury. *Campbell* v. *Rockefeller,* 134 Conn. 585, 589, 59 A. 2d 524; *State* v. *Newman,* 127 Conn. 398, 402, 17 A. 2d 774.

There is no error.

In this opinion the other judges concurred except DICKENSON, J., who concurred in the result.