AXEL SWANSON ET AL. *v.* LILLIAN G. BOSCHEN

INGLIS, C. J., BALDWIN, O'SULLIVAN, DALY and BORDON, Js.

160

Argued December 7, 1955—decided January 27, 1956

*Robert J. Woodruff,* for the appellant (defendant).

*Richard C. Hannan,* with whom was *Ellsworth B. Foote,* for the appellees (plaintiffs).

BALDWIN, J. This is an action brought by the plaintiffs pursuant to a federal statute to recover money paid as rent to the defendant in excess of the amount fixed by the area rent director. 61 Stat. 199, as amended, 50 U.S.C. App. § 1895 (Sup. 4, 1951). The plaintiffs demanded as damages not merely the amount of the overcharge but three times that amount plus reasonable attorney's fees. The statute allows recovery of three times the over-

charge as a penalty, if the violation was wilful or resulted from the failure of the landlord to take practicable precautions against its occurrence. The plaintiffs alleged that on May 1, 1950, they rented an apartment in premises owned by the defendant in West Haven for a weekly rental of $15 and that they had paid this amount weekly until December 21, 1951. On December 18, 1951, the area rent director ordered a decrease in the rental to $8 a week, effective May 1, 1950. He sent a notice to the defendant to refund to the plaintiffs within thirty days the amount collected in excess of the rent ordered. The defendant refused to make the refund. In her answer, she admitted the collection of the overcharge and, in a special defense, she denied any wilfulness or failure to take practicable precautions against any violation of the rent regulations. She also filed other special defenses and a counterclaim which, with one exception, need not be considered in the disposition of this case. The defendant claimed a jury trial, and the case was docketed as a jury case. The plaintiffs moved to strike the case from the jury docket, and the court granted their motion. The case was tried as a court case and resulted in a judgment for the plaintiffs from which the defendant has appealed.

The defendant assigns, among other errors, the court's action on the plaintiffs' motion. She claims that she has been denied her constitutional right of a trial by jury. Section 7936 of the General Statutes (as amended, Cum. Sup. § 2387c) provides that, within thirty days after the return day or within ten days after an issue of fact is joined, the following named classes of cases, upon the claim of either party, may be entered upon the jury docket of the Superior Court or the Court of Common Pleas:

"Appeals from probate involving the validity of a will or paper purporting to be such, appeals from the doings of commissioners on insolvent estates, and, except as hereinafter provided, civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity. . . . All cases not entered in the docket as jury cases . . . including actions wherein the plaintiff sues for a debt due by book to balance book accounts, actions wherein an account is demanded and judgment rendered that the defendant shall account, writs of habeas corpus, prohibition and ne exeat, complaints for divorce and all other special statutory proceedings which, prior to January 1, 1880, were not triable by jury, shall be entered on the docket as court cases, and shall, with all issues of law and issues of fact, other than those hereinbefore specified, which may be joined in actions entered on the docket as jury cases, be disposed of as court cases." These provisions of the statute were enacted in substantially their present form in 1879. Public Acts 1879, c. 83, § 22.

Article first, § 21, of the constitution of this state provides: "The right of trial by jury shall remain inviolate." We have held that this secures the right of a jury trial wherever that right existed when our constitution was adopted in 1818. *United States Fidelity & Guaranty Co.* v. *Spring Brook Farm Dairy, Inc.,* 135 Conn. 294, 297, 64 A.2d 39; *State* v. *Torello,* 103 Conn. 511, 514, 131 A. 429; *Roy* v. *Moore,* 85 Conn. 159, 167, 82 A. 233; *Seeley* v. *Bridgeport,* 53 Conn. 1, 2, 22 A. 1017; *La Croix* v. *County Commissioners,* 50 Conn. 321, 327; see *Goddard* v. *State,* 12 Conn. 448, 454; 31 Am. Jur. 557, § 8. A similar rule applies as to the provisions of the federal constitution guaranteeing a jury trial. *National*

*Labor Relations Board* v. *Jones & Laughlin Steel Corporation,* 301 U.S. 1, 48, 57 S. Ct. 615, 81 L. Ed. 893, 108 A.L.R. 1352; 31 Am. Jur. 557, § 8.

The cause of action stated in the complaint is statutory. It seeks, however, to collect an overcharge of rent and to enforce a penalty for the wilful or neglectful violation of an order of the area rent director. The defendant has filed a special defense in which she alleges that she acted neither wilfully nor neglectfully. If the trier finds her allegations true—and she has the burden under the statute of establishing their truth—she can be held only for the amount of the rent collected in excess of the amount fixed by the order. 61 Stat. 199, as amended, 50 U.S.C. App. § 1895 (Sup. 4, 1951). Therefore, the basic issue in the case is whether she was wilful or neglectful, or both, and, consequently, subject to a penalty in addition to the overcharge. The plaintiffs' right of action to recover the overcharge of rent as well as the penalty, although created by statute, is nevertheless in essence a right founded upon debt. Prior to 1818, actions of debt, including actions to recover penalties, were triable to a jury. *Pettis* v. *Dixon,* Kirby 179; *Hylliard* v. *Nickols,* 2 Root 176; see 1 Swift's Digest 586, 736. In the terms of General Statutes, § 7936 (as amended, Cum. Sup. 1953, § 2387c), the present case is a civil action involving an issue which, prior to January 1, 1880, would not present a question properly cognizable in equity and therefore triable only to the court without a jury.

These are not the only qualifications, however, for a jury trial. The statute goes on to state that certain actions, enumerating them, and "all other special statutory proceedings which, prior to January 1, 1880, were not triable by jury" shall be tried to the

court without a jury. The question, then, is whether the case at bar falls into this classification. The term "special statutory proceedings" cannot be construed, under the constitutional provisions guaranteeing jury trials, to mean any cause of action whatsoever, simply because it is authorized by an enactment of the legislature. If it could, the legislature, by the process of giving legislative sanction to common-law causes of action, could, in the course of time, obviate the guarantee of jury trial completely.

In *Waterbury* v. *Platt Bros. & Co.*, 76 Conn. 435, 56 A. 856, the question was whether a charter provision, pursuant to which the city applied for the appointment of a committee to assess damages for injuries caused by the dumping of sewage into the Naugatuck River, provided an exclusive or only a permissive remedy. The defendant claimed that if the remedy was exclusive the charter provision denied the right of trial by jury and was unconstitutional. We said (p. 443) : "It is true that the legislative power of creating and modifying remedies for the enforcement of rights is a most necessary and exceedingly broad power, and that its legitimate use may in some instances incidentally limit the field of jury trial. But it is not true that under the guise of providing a new or modified remedy, the right of trial by jury can be destroyed or violated. Should a law be enacted that all actions to recover damages for trespass to land must be brought to a court of equity, the Act would be void unless it could be held to impliedly direct the court to refer issues of fact to a common law jury for trial. It is difficult to see how the Act in question differs in substance from such a law, beyond the limitation of its operation to a small selected class."

The test is not whether the cause of action is

statutory. *Arnstein* v. *Porter,* 154 F.2d 464, 468; *Grossblatt* v. *Wright,* 108 Cal. App. 2d 475, 483, 239 P.2d 19. The test is whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury. *United States Fidelity & Guaranty Co.* v. *Spring Brook Farm Dairy, Inc.,* 135 Conn. 294, 297, 64 A.2d 39. In *Miles* v. *Strong,* 68 Conn. 273, 36 A. 55, we had to decide whether the statute authorizing an action to quiet title, chapter 66 of the Public Acts of 1893, was unconstitutional because it denied the right of trial by jury. Referring to actions brought pursuant to it, the statute provided (§ 5) : "The court shall hear the several claims and determine the rights of the parties . . . ." We held (p. 286) that the word "court" did not mean the judge of the tribunal in which the proceedings were pending as opposed to a jury, but rather "the tribunal itself as established by law for the public administration of justice." We said : "Under section one of the Act, the claims to be tried and determined in proceedings brought under the Act, may plainly include legal claims proper to be tried by a jury, as well as equitable claims proper to be tried by a court of equity; and in the absence of any provisions in the Act which either expressly or by necessary implication prohibit trial by jury, the fair presumption is that the right to try the former class of questions to a jury is preserved to the parties. The Act does not expressly provide for, nor does it expressly or by necessary implication prohibit, trial by jury in proper cases, but leaves that matter, as it does many others, to be regulated by other provisions of existing law." On this reasoning, the claim of the constitutional invalidity of the act because it denied the right of trial by jury was overruled. *Dawson* v. *Orange,* 78 Conn.

96, 100, 61 A. 101, reaches the same conclusion. See *Standard Co.* v. *Young,* 90 Conn. 133, 137, 96 A. 932.

It is within the province of the legislature to provide special statutory proceedings of one kind or another. A party to such a proceeding cannot, however, be deprived of the constitutional right to try his cause to the jury if it involves a question which was properly triable to a jury prior to 1818. Therefore, only such of those actions comprehended within the term "special statutory proceedings" as do not present questions triable to a jury prior to 1818 must be tried to the court without a jury.[1] Actions for treble damages under the federal rent control laws have been held triable to a jury in the federal courts. *Orenstein* v. *United States,* 191 F.2d 184, 192; *United States* v. *Friedland,* 94 F. Sup. 721, 724; *United States* v. *Hart,* 86 F. Sup. 787, 789; *United States* v. *Strymish,* 86 F. Sup. 999, 1000. The court erred in striking the case from the jury docket.

One other claim of error should be considered because of the possibility that the question it presents may arise in a new trial. The defendant pleaded that the action was barred because it was not brought within one year from May 1, 1950, when, it was alleged, the defendant began to collect a larger amount of rent than the amount fixed by the rent director. The federal statute requires actions upon it to be brought within one year after the date of the viola-

---

[1] Writs of mandamus and quo warranto are not specifically mentioned in § 2387c. They can properly be considered as "special statutory proceedings" triable only to a court without a jury, because they were not triable to a jury prior to 1818. General Statutes §§ 8221, 8227; *Castle* v. *Lawlor,* 47 Conn. 340, 342; *State ex rel. Andrew* v. *Lewis,* 51 Conn. 113, 125; *Meigs* v. *Theis,* 102 Conn. 579, 592, 129 A. 551; see *Linahan* v. *Linahan,* 131 Conn. 307, 312, 39 A.2d 895, and *United States Fidelity & Guaranty Co.* v. *Spring Brook Farm Dairy, Inc.,* 135 Conn. 294, 297, 64 A.2d 39, which discuss the right of trial by jury in actions for a declaratory judgment.

tion. 61 Stat. 199, as amended, 50 U.S.C. App. § 1895 (Sup. 4, 1951). The order of the rent director fixing the rent and notifying the defendant to refund the overcharge was made on December 18, 1951. The one-year limitation began to run from the date of the landlord's failure to comply with the order. *Woods* v. *Stone,* 333 U.S. 472, 477, 68 S. Ct. 624, 92 L. Ed. 815. Suit was instituted in May, 1952. The action for the overcharge from May 1, 1950, was not barred by the one-year limitation.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.