WINDHAM COMMUNITY MEMORIAL HOSPITAL *v.* TOWN OF WINDHAM

COURT OF COMMON PLEAS　　　　WINDHAM COUNTY
FILE Nos. 003825, 003826

272

Memorandum filed September 29, 1975

*Dupont, Dupont, Tobin & Williams,* for the plaintiff.

*Lane & Rosen,* for the defendant.

CRAMER, J.  In these two cases the plaintiff, Windham Community Memorial Hospital, hereinafter referred to as the hospital, is bringing actions against the defendant, town of Windham, hereinafter referred to as the town, for the reasonable value of services performed by the hospital for certain persons alleged to be residents of the town. The town has moved for trial by jury, and the hospital has moved to strike from the jury docket on the ground that the town is not entitled to a trial by jury under § 52-215 of the General Statutes.

In § 52-215 it appears that as a matter of right the following named cases should be entered in the docket as jury cases upon proper request: "Appeals from probate involving the validity of a will or paper purporting to be such, appeals from the doings of commissioners on insolvent estates, and, except as hereinafter provided, civil actions involving such an issue of fact, as, prior to January 1, 1880, would not present a question properly cognizable in equity." The cases before the court do not, of course, fall within the first two classes, and the question to be answered is this: Is this a civil action

involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity? The term "cognizable in equity" means capable of being judicially heard and determined in equity. *Roy* v. *Moore,* 85 Conn. 159, 162.

As a general rule, jury trials may be denied in purely statutory proceedings. There is no constitutional right to a trial by jury of any action which was not so triable when the state constitution was adopted. *Swanson* v. *Boschen,* 143 Conn. 159. The test, however, is the nature of the issue, not whether the action is statutory. *United States Fidelity & Guaranty Co.* v. *Spring Brook Farm Dairy,* 135 Conn. 294.

There are two standards in our statutes, either of which may be applied, to determine when a town is liable for bills incurred by its residents in hospitals. The first is established in section 17-273 of the General Statutes: "Each person who has not estate sufficient for his support, and has no relatives of sufficient ability who are obliged by law to support him, shall be provided for and supported at the expense of the town in which he resides." The second standard, § 17-274, states: "[E]ach town shall furnish necessary hospitalization for all persons liable to be supported by such town or unable to pay for the same over a reasonable period of time." It should be noted that the words preceding "or" in § 17-274 refer to the standard of § 17-273, while the words "unable to pay for the same over a reasonable period of time" establish a basis for an alternate standard for town liability. By § 17-274 the legislature has seen fit to create a new liability on the part of the towns of this state. It was incumbent upon a plaintiff hospital prior to the enactment of that statute to prove by a fair preponderance of the evidence the fact of pauperism of the person for whom the services were rendered.

Recovery may still be had against the towns under the former portion of the statute. Under the provisions of the later amendment, however, the test to be applied is what might be called "medical indigency," that is, whether the person is unable to pay for the same over a reasonable period of time.

The town's liability for hospital services is statutory since it is sufficient to impose liability on a town if a patient is demonstratively unable to make repayments to the hospital in order to discharge his bill within a reasonable time. See *William W. Backus Hospital, Inc.* v. *Norwich,* 146 Conn. 686. In the instant cases under § 17-274 the town has entered into no contractual relationship with the hospital but is being charged as a statutory governmental duty imposed by the legislature. Prior to the enactment of the statute there would have been no action at law other than under § 17-273 to enable the hospital to recover for such care to the indigent patient. The statute was enacted after January 1, 1880, and therefore the action should be entered on the docket as a court case. *Linahan* v. *Linahan,* 131 Conn. 307, 312.

The court appreciates the excellent briefs submitted by opposing counsel.

The motion to strike from the jury docket is granted in each case.