[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET #149
The plaintiffs have filed this motion to strike the defendants' claim to the jury docket on the grounds that: (1) defendants failed to claim the case to the jury within the time limits provided by General Statutes 52-215 and (2) that the counterclaim added when defendants amended their answer, alleging a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), based on a violation of the "usury statutes", is not an action which may be tried to a jury.
The following facts are pertinent to a determination of these issues.
On February 1, 1990, the plaintiff, Associated Investment Company Limited Partnership, was granted an ex-parte prejudgment attachment of $875,000 against the defendants, Williams Associates IV, Victor J. Buselli, Norman J. Voog, and Walter J. Lewis, Jr. The complaint filed with the application for prejudgment remedy alleges that on October 7, 1988, plaintiff loaned the defendants $750,000.00, as evidenced by a promissory note.
The defendants allegedly defaulted on the note. Plaintiff also alleged that payment on the note was demanded on January 8, 1990, and that defendants failed to comply.
On September 10, 1990, defendants filed an answer and special defenses. The pleadings were closed on October 18, 1990, by the plaintiff's reply to the defendants' special defenses. The matter was scheduled to be tried by the court on April 2, 1991. On February 4, 1991, defendant filed a request to amend its answer to which the plaintiff objected. On February 28, 1991, the court, Fuller, J., overruled plaintiff's objection to the defendants' request to amend their answer. Although the amended answer and special defenses were unchanged, the defendants added a three count counterclaim, alleging usury, unconscionability and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), respectively. On August 15, 1991 the plaintiff filed its reply to the answer, special defenses and counterclaim. On August 21, 1991, the defendants claimed this case to the jury docket.
On October 7, 1991, the plaintiff filed this motion to strike defendants' claim to the jury docket on the grounds that (1) defendants have failed to claim the case to the jury within the time limits provided by General Statutes 52-215, and (2) that the counterclaims added to the amended pleadings of the defendants is not a claim that may be tried to a jury, in that it is a statutory cause of action not triable before a jury.
The defendants withdrew the first two counts of their counterclaim on December 12, 1991. Therefore, only the CUTPA CT Page 1343 violation, based upon the alleged usurious and unconscionable nature of the note, remains.
General Statutes 52-215 provides, in relevant part:
 The following-named classes of cases shall be entered in the docket as jury cases . . . except as hereinafter provided, civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity. . . . When, an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . . All cases not entered in the docket as jury cases under the foregoing provisions, including . . . special statutory proceedings which, prior to January 1, 1880, were not triable by jury, shall be entered on the docket as court cases, and shall . . . be disposed of as court cases.
Thus, 52-215 allows either party to claim a case to the jury docket within ten days after an issue of fact is joined. Issues of fact are joined by closing the pleadings. Masto v. Board of Education, 200 Conn. 482, 488, 511 A.2d 344 (1986).
In Stawicki v. Fraiser, 36 Conn. Sup. 343, 344-45,420 A.2d 913 (1980), the court, John F. Shea, Jr., J., analyzed the ten day limitation as follows:
 Section 52-215 of the General Statutes provides that within ten days after an issue of fact has been joined, the case may be claimed for the jury docket. Where such a claim has not been made at the original close of the pleadings, the mere filing of amended pleadings which raise no new issues of fact does not give rise to a further opportunity to claim a case for the jury. Atta v. Cutner, 95 Conn. 576. When amended pleadings raise a new issue of fact, however, a new ten-day period arises to claim the matter to the jury. See Kuser v. Orkis, 169 Conn. 66.
It appears that the counterclaim of the defendants raises a new issue of fact, a CUTPA violation, that was joined on August 15, 1991. Accordingly, the defendants' claim to the jury docket on August 21, 1991, was within the ten day limitation of 52-215. CT Page 1344
The plaintiff also argues that the CUTPA counterclaim based upon usury and unconscionability is not an issue triable before a jury because usury and CUTPA are statutory actions, and as such are not triable before a jury. It would appear that the plaintiff is only partially correct. In Swanson v. Boschen, 143 Conn. 159,120 A.2d 546 (1956), the court held that, "The test is not whether the cause of action is statutory. . . . The test is whether the issue raised in the action is substantially of the same nature or is such an issue prior to 1818 would have been triable to a jury." Id., 164-65. The year 1818 refers to the year the constitution of this state, which guarantees the right of trial by jury, was adopted. Id., 164.
Nevertheless, the test is "`flexible and may require a jury in a new cause of action, not in existence in [1818], if it involves rights and remedies of the sort traditionally enforced in an action at law or if its nearest historical analogue is an action at common law."' Skinner v. Angliker, 211 Conn. 370, 377, 559 A.2d 701
(1989) (citation omitted).
Actions claiming usury were triable to a jury prior to 1818. See Hutchinson v. Hosmer, 2 Conn. 341 (1817); Kent v. Phelps, 2 Day 483 (1807).
Therefore, a cause of action based on a violation of the usury laws would be triable to a jury. The defendant, however, has chosen to withdraw his usury counterclaim, and left only a counterclaim alleging a violation of CUTPA, albeit based on usurious allegations.
CUTPA was passed by the Connecticut legislature in 1973. Public Acts 73-615. Therefore it is not a cause of action which was triable to the jury prior to 1818. Swanson, supra. Actions established by statute are generally not tried before a jury. Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 49-50,578 A.2d 1054 (1990).
The defendants' counterclaim, consequently, is purely a statutory right of action not triable before a jury prior to 1818, thereby requiring the court to grant the plaintiff's motion to strike the defendant's claim to the jury docket.
Maiocco, J.