[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION FOR DEFICIENCY JUDGMENT
CT Page 7392
In this motion for a deficiency judgment pursuant to Conn. Gen. Stat. Sec. 49-14, the defendant Zoltan Guttman advances four reasons why such a judgment should not be granted here: 1) that he is entitled to a jury trial and that the court may not deny him that right, 2) the plaintiff unreasonably delayed proceeding to a judgment so that a deficiency judgment against him now would be inequitable, 3) the remedy of a deficiency judgment ought not be available against this defendant who transferred his interest in the mortgaged property to another defendant Joseph Voll before the start of the foreclosure action, and 4) plaintiff has waived its right to proceed to a deficiency judgment against defendant Guttman.
The defendant's claims are not persuasive and the court grants a deficiency judgment to the plaintiff.
PROCEDURAL HISTORY
The plaintiff instituted this foreclosure action in October, 1990, against several defendants, two of whom, Joseph Voll and Zoltan Guttman, were at one time co-owners of the property and were the co-signers of a note and mortgage deed dated May 5, 1987.
In January of 1991, the original plaintiff Connecticut Bank and Trust was declared insolvent and the plaintiff moved to substitute a so-called bridge bank as the plaintiff. Then in July 1991, because of a bankruptcy of the defendant Joseph Voll, the action against one defendant was stayed for a period of time during 1991 and 1992. The relief from stay was granted by the bankruptcy court in February 1992. It should also be noted that the defendant Guttman consented to the withdrawal of appearance by his attorney in July 1991, and new counsel did not enter an appearance for him until February 1992. In the spring of 1992, a new motion to substitute the plaintiff, this time for the FDIC itself, was filed and was granted on May 26, 1992. However the case was dismissed for dormancy per P.B. Sec. 251 on June 26, 1992, because the matter had not been claimed to a list. The dismissal was vacated and the CT Page 7393 case was restored to the docket on August 31, 1992. Meanwhile the new plaintiff FDIC was switching law firms, and new counsel appeared for the plaintiff on April 8, 1993.
A Motion for Strict Foreclosure was filed on October 22, 1993 and heard by the court on November 22, 1993. A judgment of strict foreclosure was entered on that date with the first law day set for January 25, 1994. The defendants failed to redeem and the plaintiff took title, filing this Motion for Deficiency Judgment on February 1, 1994, pursuant to Conn. Gen. Stat. Sec. 49-14 which provides:
 At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.
The court ordered that this matter be heard on April 26, 1994, at which time the court reserved decision on the defendant's legal claims and proceeded to hear evidence concerning the value of the property as of January 29, 1994.
DEFENDANT'S CLAIM FOR A JURY TRIAL
The defendant predicates his claim for a jury trial on the argument that a motion for a deficiency judgment is the functional equivalent of a suit on a note, and that such suits were triable to a jury prior to the adoption of the Connecticut Constitution of 1818. See Swanson v. Boschen, 143 Conn. 159, 163 (1956). Therefore this defendant claims that his right to a trial by jury is secured by Article first, Sec. 19 of the Connecticut Constitution and is not abrogated by Conn. Gen. Stat. Sec. 49-14. CT Page 7394
The first deficiency judgment statute was enacted in 1833, allowing a creditor to recover a judgment for the difference between the value of the mortgaged property and the amount of the debt it secured. Conn. Gen. Stat. Chap. XVIII (1833), An Act relating to Foreclosure of Mortgages. Prior to that date, the creditor had to elect the remedy: one could sue on the note, or bring an action to foreclose the mortgage, and if the real property eventually proved "insufficient to raise the sum due, it is the mortgagee's own fault, and at his rifque [sic]."McEwen v. Welles, 1 Root 202 (1790). Moreover, actions on a debt were triable to a jury prior to 1818, as far back as 1672. See Conn. Stats. (1796) Acts and Laws, An Act concerning Book Debts, p. 135; Conn. Stats. of 1672[1], Juries and Jurors. Lawsuits to foreclose mortgages, on the other hand, were chancery matters, so that in any matter "of apparent equity, as upon the forfeiture of a bond or obligation. . .or the like, the judges shall determine the matter in equity." Conn. Stats. (1796) Acts and Laws, Actions Civil, par. 8, p. 27. A creditor might, however pursue all his remedies simultaneously in an attempt to collect the full amount of the debt until the duty of the debtor to satisfy the debt was performed. Coit v. Fitch, Kirby 254 (1787).[2]
The enactment of the first deficiency judgment procedure in 1833 and the successor statutes[3] all refer to the determination by the court of the value of the property and the entry of a judgment for the difference between that and the debt previously found in the foreclosure action. The use of the term "the court" in such a context means clearly that a jury trial was not authorized. SeeBishop v. Kelly, 206 Conn. 608, 617 (1988).
The defendant's claim of a right to a jury trial is rounded largely on analogy, that the entry of a judgment for the deficient amount is nothing but a money judgment for which the right to a jury trial has been undisturbed in Connecticut, lo these many centuries. From time to time, our higher courts have stated that the deficiency judgment procedure is the functional equivalent of a suit upon the note. See Associated East Mortgage Co. v. Highland Park,Inc., 172 Conn. 395, 405 (1977); Maresca v. DeMatteo,6 Conn. App. 691, 696 (1986); Eichman v. J J Building Co.,216 Conn. 443, 453 (1990).
The use of the term "functional" as a qualifier is instructive in the context of the cases, however. In the first two cases, the phrase is used to distinguish the authority under the deficiency CT Page 7395 judgment procedure to allow a defendant to assert a defense of usurious interest not available in the main foreclosure action.Associated East Mortgage and Maresca, supra. In Eichman v. J JBuilding Co., supra, the phrase is used to distinguish the mandatory duty of a referee to assign a value to land in a condemnation proceeding from the authority of the court in a deficiency judgment hearing, as in other civil actions, to find that the plaintiff had not carried the burden of proving adequately the value of the real property so that any value could be assigned to it. Id. at 454-55. In none of these cases does the rationale support a conclusion other than that the deficiency judgment procedure is an adjunct to the mortgage foreclosure action, an action traditionally and still one inequity for which a jury trial has never been available in Connecticut.
Nor does the reasoning in Society for Savings v. ChestnutEstates, Inc., 176 Conn. 563 (1979) teach otherwise. In that case, the procedure of delegating to a non-judicial body — a panel of real estate appraisers — the exclusive authority to assign the monetary value to the real property was overturned upon a finding that the statute violated the constitutional due process clause. That the court was willing to critically reexamine one hundred and forty-five years of previously accepted deficiency judgment procedure is enlightening. It does not change the fact that while part of the previous statute did not comport with the constitution, the exemption from a jury trial does.
UNREASONABLE DELAY
Based on the procedural history of this case, the court finds that there have been delays occasioned by a number of circumstances beyond the control of the plaintiff, and perhaps some that the plaintiff could with greater diligence have minimized. The court finds, however, that none of the delays was so long as to be unreasonable. This claim of the defendant is without merit.
Moreover, this was not raised as a defense in the foreclosure proceeding, so it is not properly raised here. See Suffield Bankv. Berman, 228 Conn. 776 (1994).
DEFICIENCY JUDGMENT AGAINST ONE WHO HAS NO RIGHT OF REDEMPTION
The defendant argues that since he had conveyed his interest in the property to his co-defendant Joseph Voll prior to the institution of this action, and thus had no right of redemption, CT Page 7396 the plaintiff has no right to demand a deficiency judgment against him. Conn. Gen. Stat. Sec. 49-14 does not by its terms limit the authority to enter a deficiency judgment against only the obligors who were owners of the property at the time of the foreclosure judgment. The defendant has cited no legal authority for such a proposition. A mortgagor who transfers his interest in the mortgaged property without obtaining a release of the mortgage obviously runs the risk of a foreclosure and deficiency judgment if there is a default in payments; his alternatives are to retain his interest in the property and thus his right of redemption or to pay off the note. The court is unpersuaded that the plaintiff has no right to a deficiency judgment against this defendant. Further, as with the claim of delay, the failure of the defendant to previously contest the debt is dispositive of this issue. Suffield Bank v.Berman, supra.
WAIVER
There is no evidence that the plaintiff has waived its right to a deficiency judgment against this defendant.
CONCLUSION
The court, based upon the evidence finds the value of the property on January 29, 1994, to have been $230,000 and thus enters a deficiency judgment in accordance with the attached schedule.
PATTY JENKINS PITTMAN, JUDGE
SCHEDULE
JUDGMENT DEBT as of the date of the original judgment of Strict Foreclosure $ 506,626.07
PER DIEM INTEREST from the date of Judgment of Strict Foreclosure to the date of title vesting. ($77.91 x 68 days) + 5,297.88
SUBTOTAL OF ORIGINAL DEBT 511,923.95 511,923.95
FMW as determined by the court at the deficiency hearing — 230,000.00
281,923.95 CT Page 7397 Statutory Rate of Interest x 10%
28,192.39 divided by 365 Days
Per diem 77.23943835
Number of days from the date of vesting to July 15, 1994, the date of deficiency x 167 days
STATUTORY INTEREST 12,898.99 STATUTORY INTEREST 12,898.99
Attorney's Fee awarded at the time of judgment 3,250.00 Appraisal and Title search fees 3,900.00 Plaintiff's Bill of Costs dated 12/07/93 392.40
REAL ESTATE TAXES 74,058.25
ADDITIONAL ATTORNEY'S FEES as allowed by the court (See Affidavit of Attorney's Fees in Support of Motion for Deficiency Judgment) 5,000.00
ADDITIONAL APPRAISAL FEES as allowed by the court 2,000.00
TOTAL DEBT 613,423.59
 FMV as determined at the deficiency hearing - 230,000.00
DEFICIENCY JUDGMENT against defendant Zoltan Gutman $ 383,423.59