[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MARCH 9, 1994 MOTION TO STRIKE COUNTERCLAIMAND TWELVE SPECIAL DEFENSES DATED JANUARY 3, 1994
This is an action wherein petitioner Statewide Grievance Committee seeks to restrain respondent Roney L. Harris from engaging in the unlawful practice of law. The complaint alleges that respondent has not been admitted as a member of the Bar of the State of Connecticut.
The complaint further states that said respondent inserted an advertisement in The Hartford Courant which advertisement reads as follows:
 "Uncontested Pro Se Divorce. Paralegals prepare all papers for your signing and step you through the CT Page 7387 self-help divorce.
 Paralegal fee $200.00 Court fee 125.00 Sheriff fee 25.00 Total Cost $350.00
Call Ron, 9:00 A.M. — 9:00 P.M. — 243-5428."
The respondent has filed a counterclaim and twelve special defenses dated January 3, 1994. Petitioner seeks to strike the counterclaim and special defenses.
The court holds that the counterclaim should be stricken. While the claims therein purport to allege defenses to the complaint, they do not allege facts which establish a cause of action against petitioner.
Petitioner seeks to strike the twelve special defenses:
The first defense claims that General Statutes § 51-88 is void for vagueness because it does not define "the practice of law." § 51-88 provides:
 "Practice of law by persons not attorneys. (a) A person who has not been admitted as an attorney under the provisions of section 51-80 shall not: (1) Practice law or appear as an attorney-at-law for another, in any court of record in this state, (2) make it a business to practice law, or appear as an attorney-at-law, (4) hold himself out to the public as being entitled to practice law, (5) assume to be an attorney-at-law, (6) assume, use or advertise the title of lawyer, attorney and counselor-at-law, attorney-at-law, counselor-at-law, attorney, counselor, attorney and counselor, or an equivalent term, in such manner as to, convey the impression that he is a legal practitioner of law, or (7) advertise that he either alone or with others, owns, conducts or maintains a law office, or office or place of business of any kind for the practice of law."
The court does not believe the statute is void for vagueness. This statute forbidding the unauthorized practice of law is sufficiently definite to withstand constitutional CT Page 7388 scrutiny. Nadine O. Monroe v. Daniel B. Horwitch, et al, No. 2: 92 CV00763 (D. Ct. May 13, 1993), aff'd. No. 93-7703 (2nd Cir. February 16, 1994). Also see State Bar Assn. v.Connecticut Bank Trust Co., 145 Conn. 222 (1958).
The second special defense states that General Statutes § 51-90a(2) and § 51-90c(b) are unconstitutional because they grant the petitioner limited criminal subject matter jurisdiction. The respondent's allegations are unfounded since §§ 27H(b)(1) and 31(c) of the Practice Book specifically give the Statewide Bar Counsel the authority to investigate and prosecute complaints involving a violation of § 51-88. The fact that a fine or imprisonment may be imposed by the court does not deprive the Statewide Bar Counsel of the authority to prosecute unauthorized practice of law complaints. Furthermore, § 51-88 (c) provides that any member of the bar in good standing may file an unauthorized practice of law petition. There is nothing in the statutes or practice book which require that unauthorized practice of law complaints be prosecuted by the State's Attorney's office.
The third special defense claims that §§ 51-88, 51-90(2), and 51-90c(b), and Rule 31(c) deny due process requirements of the Fourteenth Amendment by depriving defendant due process, liberty, and property. The court disagrees. Respondent's vulnerability to these statutes arises from his offer to prepare court documents. "Preparation of legal documents is `commonly understood to be the practice of law' (GrievanceCommittee v. Dacey, 222 A.2d at 349.). . . The constitution does not create fundamental interests in particular types of employment." Monroe v. Horwitch, supra. The fourth special defense claims that the petitioner's petition threatens the fundamental right of free speech under theFirst Amendment. The prohibition against unauthorized practice of law does not violate respondent's First amendment right to freedom of speech. Monroe v. Horwitch, supra.
The fifth special defense claims that SGC and SBC have acted arbitrarily. Again he is claiming vagueness. The court disagrees. The petitioner is seeking to prohibit the unlawful practice of law which includes preparation of legal documents.Monroe v. Horwitch, supra; State Bar Assn. v. Connecticut Bank Trust Co., supra.
The sixth special defense claims that there is a CT Page 7389 challenge to the constitutionality of General Statutes § 51-88
in the Federal Court. In that case the court decided that § 51-88 is not unconstitutional. Its decision has been affirmed. Monroe v. Horwitch, supra.
The seventh special defense alleges that enforcement of Rule 31(c) of the Practice Book would result in criminal penalties. Thus he claims the petition is barred. The court disagrees. As stated above, the fact that a fine or imprisonment maybe imposed by the court does not deprive the Statewide Bar Counsel of the authority to prosecute the unauthorized practice of law.
The eighth special defense alleges that Section 51-88
unconstitutionally substitutes the criminal offense of contempt for the criminal offense of the unlawful practice of law. The court disagrees for the reason set forth above under the seventh special defense.
The ninth affirmative defense claims that Rule 31(c) denies a criminal complaint the access of the criminal court where a jury trial would be available.
The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases. The United States Supreme Court has held, however, that theSeventh Amendment's guaranty to a trial by jury in civil actions only applies to federal court actions and is not applicable to state courts through the Fourteenth Amendment.Curtis v. Loether, 415 U.S. 189, 192, n. 6, 94 S.Ct. 1005,39 L.Ed.2d 260 (1974); Minneapolis St. Louis Railroad Companyv. Bombolis, 241 U.S. 211, 217, 36 S.Ct. 595, 596-97,60 L.Ed. 961 (1916) ("[T]he Seventh Amendment applies only to proceedings in courts of the United States and does not in any manner whatever govern or regulate trials by jury in state courts or the standards which must be applied concerning the same."); Gluck v. Gluck, 181 Conn. 225, 227 (1980). Since the present action is in state court and not federal court, the Respondent does not have a Seventh Amendment right to a trial by jury.
Amendment four to the constitution of Connecticut provides that "[t] he right of trial by jury shall remain inviolate." This provision of the Connecticut Constitution has been construed by the Connecticut Supreme Court to mean CT Page 7390 that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact.Skinner v. Angliker, 211 Conn. 370, 373-374 (1989); Swanson v.Boschen, 143 Conn. 159, 165 (1959). At common law, legal claims were tried by a jury and equitable claims were tried by a court. Miles v. Strong, 68 Conn. 273, 286 (1896). The Supreme Court of this state has held, therefore, that there is no constitutional right to a trial by jury in equitable actions. Skinner v. Angliker, supra, 374; Franchi v.Farmholme, Inc., 191 Conn. 201, 209 (1983); United StatesFidelity Guaranty Co. v. Spring Brook Dany, Inc., 135 Conn. 294,297 (1949).
In order to determine whether an action is legal or equitable, the court must examine the pleadings in their entirety. "[T]he true test of a right to a jury trial is whether the cause of action stated rather than merely the relief claimed is essentially legal as distinguished from essentially equitable." Franchi v. Farmholme, Inc., supra,191 Conn. 211. the Petitioner has brought an unauthorized practice of law action against the Respondent. The action is clearly equitable in that it claims that the Respondent is engaging in the practice of law without a license and asks the. court to enjoin the Respondent from engaging in such conduct in the future. Furthermore, the legislature has declared that unauthorized practice of law actions are equitable in nature. See General Statutes § 51-88 (c). The Respondent's special defenses are based on constitutional issues. Such issues are to be tried and decided by the court in equity. Since the unauthorized practice of law action before the court is equitable, the Respondent does not have a right to a trial by jury under the constitution of Connecticut.
The tenth special defense claims that the defendant is denied his First amendment rights of free speech and his right to earn a living. As stated above, the prohibition against the unauthorized practice of law does not violate respondent'sFirst Amendment right to freedom of speech nor does he have a fundamental interest in a particular type of employment.Monroe v. Horwitch, supra.
The eleventh special defense claims that Respondent is denied due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution. He maintains that he has been denied equal protection of the CT Page 7391 law because paralegals supervised by attorneys are able to perform the same services as provided by the Respondent without being subject to the unauthorized practice of law. The distinction between supervised and unsupervised paralegals is a valid one and is rationally related to a legitimate state interest and therefore not in violation of Respondent's right to equal protection of the law. Monroe v. Horwitch, supra.
The twelfth affirmative defense alleges that Petitioner lacks subject matter jurisdiction over the complaint as it has criminal penalties. The court disagrees for the reasons set forth above.
The Motion to Strike the Counterclaim and Twelve Special Defenses is granted.
Frances Allen State Trial Referee