[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE FROM JURY DOCKET (#129)
The defendant has moved to strike the above-captioned action from the jury docket.
The plaintiff has alleged in the first count of her amended complaint, dated November 23, 1998, that the defendant has violated provisions of the Connecticut Fair Employment Practices Act (Chap. 814C, Conn. Gen. Stat., Sec. 46a-51, et seq.) by acts of harassment and discrimination directed against her.
In the second count the plaintiff asserts that the defendant, in committing the acts described, negligently inflicted emotional distress upon her.
Both of the causes of action set forth above, or causes substantially similar, did not exist in 1818 when the first Connecticut Constitution was enacted. Therefore, the preservation of the right to a jury trial contained in the Constitution has no application in the instant context. Swanson v. Boschen,143 Conn. 159, 162 (1956). Further, the statutory provisions relied upon by the plaintiff, while waiving governmental immunity as a defense, do not explicitly grant the right to a jury trial, or is there such entitlement pursuant to Section 52-215 of the General Statutes. See Skinner v. Angliker, 211 Conn. 370, 373-74 (1989);Massey v. Connecticut Mental Health Center, 19 Conn. L. Rptr. 89, 90 (1997).
As to count three, the plaintiff alleges that with malice or reckless indifference to her federally protected rights as provided in Title VII, 1964 Civil Rights Act, 42 U.S.C. § CT Page 280 2000e, and in the 1991 Civil Rights Act, as amended, the defendant retaliated against her. The plaintiff has, in effect, alleged a violation of her civil rights as guaranteed to her by the Act. She seeks compensatory and punitive damages, and there is no prohibition to her bringing such action in this court. "Concurrent jurisdiction over a federally created cause of action is presumed in the absence of some clear indication to the contrary." Joo v. Capitol Switch, 231 Conn. 328, 339 n. 16 (1994). Moreover, the fact that Title VII contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction is strong evidence that Congress did not intend to divest state courts of concurrent jurisdiction. Yellow Freight System, Inc. v. Donnelly,494 U.S. 820, 823 (1990).
A federal claim pursuant to Title VII grants litigants the right to a jury trial. 42 U.S.C. § 1981a(c)(1); Landgraf v.USI Film Products, 511 U.S. 244, 247 (1994); and, on the basis of concurrent jurisdiction, it is this court's conclusion that the plaintiff enjoys such right in this forum.
Accordingly, the defendant's motion is granted as to the first and second counts and is denied as to the third count of the amended complaint.
Gaffney, J.