## DOMINGO PAUL *v.* CITY OF NEW HAVEN ET AL.
### (AC 16613)

O'Connell, C. J., and Schaller and Spear, Js.

Argued January 12—officially released April 7, 1998

*Alexander Scheirer*, for the appellant (plaintiff).

*Raymond E. Epps*, assistant corporation counsel, with whom, on the brief, was *Patricia A. Cofrancesco*, corporation counsel, for the appellees (defendants).

### Opinion

O'CONNELL, C. J. The plaintiff, a New Haven police officer, appeals from the summary judgment rendered in favor of the defendants. The defendants are the city of New Haven, its police chief and the New Haven board of police commissioners. The plaintiff claims that the trial court improperly (1) held that the plaintiff failed to exhaust his administrative remedies, (2) rendered summary judgment on the basis of the temporary injunction hearing and (3) held that the complaint failed to state a cause of action under 42 U.S.C. § 1983. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of this appeal. On July 11, 1994, the defendant police chief proferred charges against the plaintiff for engaging in conduct unbecoming a police officer. A disciplinary hearing before the board of police commissioners began on December 7, 1994, and was continued to September 20, 1995.

Prior to the continuation of the disciplinary hearing, the plaintiff brought the present action, seeking an injunction to prevent the defendants from proceeding with the disciplinary hearing as well as money damages

pursuant to 42 U.S.C. § 1983.[1] In his complaint, the plaintiff alleged that the New Haven Register newspaper had published an article containing police internal affairs information regarding the circumstances that led to the lodging of disciplinary charges against him. The plaintiff claimed that this information had been improperly released by the defendants and that its publication in the New Haven Register deprived him of a fair and impartial hearing before the board.

The plaintiff simultaneously filed an application for a temporary injunction to restrain the board from proceeding with his disciplinary hearing. On September 20, 1995, the trial court, *Booth, J.*, issued an order to show cause why a temporary injunction should not issue. The order directed the defendants to stay the disciplinary hearing until they appeared before the court to address the injunction request. At the hearing on the order to show cause, the trial court, *Barnett, J.*, found that the plaintiff had failed to prove that as a result of the newspaper article, the board would be biased against him so as to deny him a fair and impartial hearing. Accordingly, the court granted the defendants' motion to vacate the stay imposed by the order to show cause, and the board proceeded with the plaintiff's disciplinary hearing on April 23 and 24, 1996.

At the conclusion of the disciplinary hearing, the board found the plaintiff guilty of engaging in conduct unbecoming a police officer, suspended him for three months without pay and reduced his rank for one year.

---

[1] Title 42 of the United States Code, § 1983, provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

On April 30, 1996, the plaintiff challenged the disciplinary action taken against him by filing a grievance with the state board of mediation and arbitration.

On July 10, 1996, the defendants moved for summary judgment in the plaintiff's action for an injunction and for damages under § 1983. The court, *Hon. Howard F. Zoarski*, judge trial referee, granted the defendants' motion on two grounds: "(1) that the plaintiff failed to exhaust his administrative remedies in challenging the disciplinary action taken against him by the [defendant] New Haven board of police commissioners; and (2) the plaintiff failed to state a cause of action under 42 U.S.C. § 1983 because the complaint fails to allege a policy or custom that resulted in a deprivation of a constitutional right."[2] We affirm the judgment of the trial court.

We note at the outset that the plaintiff's request for an injunction is moot in that the disciplinary hearing has already taken place. Accordingly, the plaintiff's issues on appeal remain viable only with respect to his claim for money damages pursuant to 42 U.S.C. § 1983.

## I

The plaintiff's first claim is that the trial court improperly held that he had failed to exhaust his administrative

---

[2] The trial court treated the defendants' summary judgment motion as a motion to dismiss. This was proper as to the claim of failure to exhaust administrative remedies, which implicates subject matter jurisdiction and should be raised by a motion to dismiss pursuant to Practice Book § 143, now Practice Book (1998 Rev.) § 10-31. *Cummings* v. *Tripp*, 204 Conn. 67, 74–75, 527 A.2d 230 (1987). On the other hand, a claim of failure to state a cause of action is properly the subject of a motion to strike; Practice Book § 152 (3), now Practice Book (1998 Rev.) § 10-39; and not a motion to dismiss. Nonetheless, the record does not indicate that the impropriety of using either a motion for summary judgment or a motion to dismiss in this manner was ever raised in the trial court. Nor was it raised before this court. We shall therefore consider the case as it was presented by the parties and addressed by the trial court, overlooking the foregoing procedural shortcomings and treating the second claim as sustainable under the same test as would have been applicable if the defendants had filed a motion to strike.

remedies. To the extent that the plaintiff, through this suit, was attempting to challenge the disciplinary action taken against him by the board, he was required to exhaust his administrative remedies first. At the time this appeal was filed, the grievance that the defendant had filed with the state board of mediation and arbitration was pending before that agency.[3] During the pendency of this appeal, the parties filed a settlement agreement[4] with that agency, effectively withdrawing the plaintiff's grievance. " 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of the appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . .' " (Citation omitted.) *Cole* v. *Planning & Zoning Commission*, 40 Conn. App. 501, 505–506, 671 A.2d 844 (1996). As a result of the settlement agreement, any claim concerning the merits of the disciplinary action is moot and we need not address the exhaustion of administrative remedies with respect to such a claim.

Exhaustion of administrative remedies, however, is not required before bringing a claim pursuant to 42

See *Glens Falls Ins. Co.* v. *Somers*, 146 Conn. 708, 712–13, 156 A.2d 146 (1959); *Coollick* v. *Windham*, 7 Conn. App. 142, 145, 508 A.2d 46 (1986).

[3] Another administrative option available to the plaintiff was to appeal the board's order to the Superior Court pursuant to article XXII, § 112, of the New Haven charter.

[4] The terms of the settlement agreement were as follows:

"1. The three month suspension issued to Officer Domingo Paul on April 24, 1996 shall be reduced to a one month suspension.

"2. Officer Paul shall receive two months back pay at the rate in effect from May 24 through July 24, 1996, less appropriate deductions and payments. . . .

"3. The one year reduction in grade shall remain in Officer Paul's personnel file in accordance with the contract.

"4. Neither party admits to any wrongdoing in connection with this matter.

"5. The Union withdraws Case No. 9596-A-1537 from arbitration.

"6. This Agreement is entered into without precedent or prejudice."

U.S.C. § 1983. *Patsy* v. *Board of Regents of the State of Florida*, 457 U.S. 496, 516, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982); *Fetterman* v. *University of Connecticut*, 192 Conn. 539, 549, 473 A.2d 1176 (1984). Thus, a failure by the plaintiff to exhaust his administrative remedies would not dispose of an otherwise valid § 1983 claim.

## II

The plaintiff's second claim on appeal is that the trial court improperly granted summary judgment on the basis of the temporary injunction hearing. The plaintiff's brief provides no analysis beyond a statement of the claim. We decline to review this claim because it is not adequately briefed. See *Middletown Commercial Associates Ltd. Partnership* v. *Middletown*, 42 Conn. App. 426, 439 n.12, 680 A.2d 1350, cert. denied, 239 Conn. 939, 684 A.2d 711 (1996); *Krondes* v. *O'Boy*, 37 Conn. App. 430, 436, 656 A.2d 692 (1995).

## III

In his final claim, the plaintiff argues that the trial court improperly held that the complaint failed to state a cause of action under § 1983. We are not persuaded.

"To state a cause of action under § 1983, a plaintiff must allege that a deprivation of federal rights has occurred under color of any statute, ordinance, regulation, custom or usage. . . . [T]he touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution. . . . [M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by city policymakers. . . . In addition, § 1983 also authorizes suit for constitutional deprivations visited pursuant to governmental custom even though such a custom has not

received formal approval through the body's official decisionmaking channels." (Citations omitted; internal quotation marks omitted.) *Tedesco* v. *Stamford*, 215 Conn. 450, 456–57, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992).

In the present case, the trial court, citing *Tedesco* v. *Stamford*, supra, 215 Conn. 456–57, enunciated that "the Connecticut Supreme Court upheld the Appellate Court's reasoning that, to state a valid cause of action under § 1983, the plaintiff's complaint must allege a policy or custom that resulted in a deprivation of a constitutional right." The complaint in the matter before us fails to allege such a policy or custom. Accordingly, we agree with the trial court that the plaintiff has failed to state a cause of action under § 1983.

The judgment is affirmed.

In this opinion the other judges concurred.