[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants filed their amended answers in this malpractice case on October 5, 1995. On October 19, 1995, the plaintiff certified the pleadings as closed and claimed the case for a jury trial. The defendants then filed a "Motion to Strike from the Jury Docket," based on their contention that the jury claim was filed more than ten days after all issues of fact were joined by the filing of their amended answers. This court granted that motion on the papers but then, upon the plaintiffs written motion, granted reargument in accordance with what was then Practice Book Sec. 204B (now Sec. 11-12).
It is undisputed that the jury claim was indeed filed more than ten days after the amended answers. The plaintiff argues, however, that for several days after the filing of the amended answers, she was engaged in good faith negotiations with the defendants over whether she would seek additional revisions to those answers. After concluding that the better course would be simply to certify the pleadings as closed and move the case toward trial, she filed her jury claim promptly, albeit after the ten day window had closed. She also argues, in addition to her claim of a good faith reason for the delay, that the seven day difference is minimal, that no prejudice to the defendants results from the placing of the case in the inventory of cases ready for jury trial, and that deprivation of the constitutional right to a jury trial in a serious medical malpractice case is an altogether disproportionate sanction for a good faith and de minimis delay in filing the jury claim. She urges the court to use its discretion to permit the late filing, and she asks that the Motion to Strike[1] be denied.
Pursuant to General Statutes § 52-215, there are two periods of time within which a case may be claimed to the jury docket. The first is within thirty days of the return date. General Statutes § 52-215. The second is contained in the following prevision: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk, upon written CT Page 1760 consent of all parties or by order of court." General Statutes § 52-215. The present case involves this latter provision.
In order to determine if a claim for a jury trial is timely, the court must ascertain when the ten day period began or, in other words, when the issues of fact were joined. Home Oil, Co.v. Todd, 195 Conn. 333, 339, 487 A.2d 1095 (1985). "Where responsive pleading is required . . . the issue is joined when the responsive pleading is filed." (Internal quotation marks omitted.) Id., 343.
If the original ten day period expires, "a new ten day period may be created by the filing of an amended pleading, provided that the amended pleading introduces a new issue of fact into the case . . . If a new issue of fact is introduced by the amended pleading, requiring the filing of a responsive pleading, then the new ten day period within which the parties may elect a jury trial begins to run from the time that the responsive pleading is filed and the parties are again at issue." (Citation omitted.)Javit v. Marshall's, Inc., 40 Conn. App. 261, 266, 670 A.2d 886, cert. denied, 236 Conn. 915 (1996). Therefore, when an amended pleading is filed, the court must determine whether the amended pleading "enlarged the existing issues or . . . raised new issues of fact." Flint v. National Railroad Passenger Corp.,37 Conn. App. 162, 164, 655 A.2d 266 (1995), aff'd, 238 Conn. 282
(1996) (per curiam).[2]
If a claim for a jury trial is untimely, the trial court has the discretion, pursuant to General Statutes § 52-215, to order that the case be entered, on the jury docket: ". . . andany such case may at any time be entered in the docket as a jurycase by the clerk, upon written consent of all parties or byorder of court." (Emphasis added.) Falk v. Schuster, 171 Conn. 5,8, 368 A.2d 40 (1976); Leahey v. Heasley, 127 Conn. 332, 335,16 A.2d 609 (1940). Decisions at the trial court level dealing with the issue of whether a trial court should exercise, or refrain from exercising, its discretion pursuant to General Statutes § 52-215 indicate a general concern regarding whether either party would be prejudiced by the exercise of discretion, and whether there were circumstances that justified the delay in filing the jury trial claim.
In Bolton v. Freihoffer, Superior Court, judicial district of Waterbury, Docket No 120992 (February 4, 1998, Shortall, J.) (21 CONN. L. RPTR 369), the court allowed the jury claim where the CT Page 1761 claim was filed eighteen days late, the motion to strike was filed over three years later and the moving party failed to mention any prejudice. The court in Scandura v. Friendly IceCream Corp,. Superior Court, judicial district of Hartford, Docket No. 529109 (July 31, 1995, Blue, J.) (14 CONN. L. RPTR. 548), exercised its discretion in favor of allowing the claim for jury trial where the attorney "presented a plea based on certain mishaps" which presented a timely claim for a jury trial, and "[t]he defendant did not dispute the existence of extenuating circumstances." Godin v. Hartford Casualty Ins. Co., Superior Court, judicial district of Hartford, Docket No. 535069 (August 19, 1994, Wagner, J.) (12 CONN. L. RPTR. 358), was a case in which the jury claim was filed a few days late because the defendant was "justifiably confused" by the rejection of the plaintiffs claim for a jury trial for failure to include the required fee, and where the defendant "made his claim within a reasonable time after being alerted that [the] plaintiffs claim for jury had not been actually filed in court." The court allowed the jury claim. In Barcello v. O'Connell, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket NO. 79667S (July 1, 1986, Cioffi, J.) (1 C.S.C.R. 469), the court exercised its discretion where the claim for a jury trial was filed twelve days late, and where "placing [the] case on the jury docket [would] result in no prejudice to either party or any delays in getting the case to trial."
In Shyrer v. Associated Pulmonologists, Superior Court, judicial district of Danbury, Docket No. 319434 (January 29, 1998, Leheny, J.), however, the court refused to exercise discretion because the claim for a jury trial was made over seven months late, and the case had been exempted from the dormancy list twice. The claim for a jury trial was made five months late in New England Bank Trust Co. v. Culotta, Superior Court, judicial district of Hartford, Docket No. 386357 (September 20, 1991, Satter, S.T.R.) (5 CONN. L. RPTR. 16). Additionally, the defendant's claim of having first learned that a jury could be allowed on its counterclaim as the result of a recent decision was rejected by the court as that decision "[did] not state new law and should not have come as a surprise." The court refused to exercise its discretion to allow the jury trial claim.
A party that neglects to file its jury claim in timely fashion does so at its peril. The ten-day rule is clear and straight forward. In most cases it should be . . . and has been . . . strictly enforced. In rare and unusual circumstances, CT Page 1762 however, a court may look at the possibility of prejudice to the parties, as well as the stated reasons for the delay in filing the claim for a jury trial. In this case, involving a seven day delay, where no prejudice to the defendant has been shown and under circumstances evincing a good faith effort to resolve certain matters preparatory to the filing of the jury claim, the court should consider exercising its discretion and allow the jury claim. In reaching this conclusion, however, this court specifically does not give weight to the plaintiffs argument that hers is a serious high stakes medical malpractice case. The right to a jury trial is intrinsically no more precious to this plaintiff than it is to the parties in a routine fender-bender.
The motion to strike the case from the inventory of cases ready for jury trial is therefore denied. Although the initial placing of this case in that inventory by the clerk was arguably improper, given that there was no written consent of the parties nor any order of the court, the plaintiffs claim was in fact honored and the case was entered on the jury docket. Under circumstances virtually identical to this case, the Connecticut Supreme Court affirmed a trial court's order directing that a case remain on the jury docket list after being placed there in response to an untimely claim for a jury trial, rather than requiring that a new motion be filed requesting that the court order the case to be entered on the jury docket. See Falk v.Schuster, supra, 171 Conn. 8 ("That determination by the court had the same effect as the granting of a motion to place the case on the docket would have had in the first instance . . . For the court to have required a specific motion to place the case on the jury docket would have been inappropriate. The case was already there."). Therefore, the case will remain in the inventory of cases ready for jury trial and subject to assignment for a trial week certain without the necessity of the plaintiff's filing any additional motions.
At the close of oral argument, clearly worried plaintiffs counsel pledged that in all future cases in which he knows he wants a jury trial, he will file his jury claim immediately after the return date. That, rather than the motion that the ten day rule of General Statutes § 52-215 may sometimes be circumvented, is the lesson to be learned from this case.
SILBERT, J.