[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises from a motor vehicle accident. On September 5, 1997, the plaintiffs, Marie and Frederick Giampietro, filed an amended complaint in twelve counts sounding in negligence, recklessness, and negligent and reckless violation of motor vehicle statutes. The plaintiffs further seek to recover double or treble damages for their loss of consortium claims in counts six and twelve pursuant to General Statutes § 14-295. On October 10, 1997, the defendants, Corinne and Gerald J. McGinley, moved to strike count six and twelve of the plaintiffs' complaint, as well as the statement in amount of demand pursuant to General Statutes § 14-295 as it pertains to those counts. The motion was accompanied by an appropriate memorandum of law. On February 6, 1998, the plaintiffs filed an objection to the defendants' motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). The court "must . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Kelly v.Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992). The "motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., supra, 240 Conn. 580. "This includes CT Page 1765 the facts necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993).
The defendants move to strike counts six and twelve on the ground that they are legally insufficient because double and triple damages pursuant to General Statutes § 14-295 may not be demanded in a claim for loss of consortium. The defendants argue that a loss of consortium claim, as a derivative claim from the spouse's injury claim, is not a "personal injury" for the purpose of § 14-295.
The plaintiffs respond that the claims for loss of consortium are legally sufficient, and the demand for relief based upon these claims for personal injury is proper pursuant to General Statutes § 14-295.
The appellate court has not spoken to this issue, and there is a split of authority within the Superior Court as to whether double and treble damages are proper under General Statutes §14-295 for a loss of consortium claim. In one line of cases, the courts have denied relief pursuant to § 14-295 for loss of consortium claims, determining that the derivative claim of loss of consortium is not a personal injury as anticipated by the statute, that it is not specifically provided for in the statute, and that relief under the statute, therefore, is not available. See Harper v. J.B. Hunt Transport, Superior Court, judicial district of Waterbury, Docket No. 130664 (August 19, 1996, Sullivan J.); Vilardo v. Raver, Superior Court, judicial district of Waterbury, Docket No. 131385 (July 11, 1996, Sullivan, J.) (17 CONN. L. RPTR. 321); Beal v. Cholewa, Superior Court, judicial district of New London-Norwich at New London, Docket No. 535842 (November 8, 1995, Hurley, J.); McGuire v. Ferguson, Superior Court, judicial district of Litchfield, Docket No. 68021 (July 31, 1995, Pickett, J.) (14 CONN. L. RPTR. 624); Sansabrino v.Massa, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 528038 (April 20, 1994, Allen, S.T.R.) (11 CONN. L. RPTR. 416); Lane v. Post, Superior Court, judicial district of New London at Norwich, Docket No. 99938 (August 14, 1992, Walsh, J.) (7 CONN. L. RPTR. 230).
Other courts have followed the Supreme Court's holding inIzzo v. Colonial Penn Ins. Co., 203 Conn. 305, 313, 524 A.2d 641
(1987), where the court found that loss of consortium constituted a personal injury and thus fell within the strictures of the CT Page 1766 insurance statute. These courts have found that loss of consortium, similarly, constitutes a "personal injury" within the strictures of General Statutes § 14-295. See Auger v.Baddeley, Superior Court, judicial district of Tolland at Rockville, Docket No. 60334 (January 13, 1997, Rittenband, J.) (18 CONN. L. RPTR. 483); Paternostro v. Phelan, Superior Court judicial district of Waterbury, Docket No. 129073, (July 12, 1996, McLachlan, J.) (17 CONN. L. RPTR. 320); Saliba v. Anto,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327860 (March 1, 1996, Ballen J.); Patient v. Stokes,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470714 (January 30, 1996, Arena, J.);Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 121129 (October 24, 1995, Vertefeuille, J.) (15 CONN. L. RPTR. 299); and Shabazz v. Price, Superior Court, judicial district of New Haven at New Haven, Docket No. 353763 (April 22, 1994, Hodgson, J.) (11 CONN. L. RPTR. 331).
The court concludes that this line of decisions is more persuasive. The court, in Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 562 A.2d 1100 (1989), "acknowledged that a claim for a loss of consortium constitutes a viable cause of action" which, although derivative in nature, "is still a separate cause of action . . ." (Internal quotation marks omitted.) Id., 563-64. In Hopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260
(1979), the court determined that "invasion of the consortium is an independent wrong directly to the spouse so injured" and "is undeniably a real injury." Id., 492-93. The Hopson court determined that the spouse of a tortfeasor's victim "may suffer personal and compensable, though no physical, injuries as a direct result of the defendant's negligence and that such injuries should not go uncompensated." Id., 493; see Champagne v.Raybestos-Manhattan, Inc., supra, 212 Conn. 564. Thus, Connecticut recognizes loss of consortium as a personal injury for which a plaintiff has a remedy through the exercise of his individual right in a cause of action for the injury.
Further, the Supreme Court has determined that punitive damages can be permitted as to a loss of consortium claim in a products liability lawsuit, under the rationale that the claim for loss of consortium is a separate cause of action from that for the spouse, and as such, the law authorizes a recovery by each of these two different parties for the defendant's violation of their respective rights. Champagne v. Raybestos-Manhattan,Inc., supra, 212 Conn. 564; see Izzo v. Colonial Penn Ins. Co.,CT Page 1767supra, 310; Hopson v. St. Mary's Hospital, supra, 487. "[W]here conduct of a defendant in a strict tort liability action has been found to be such as to warrant the imposition of punitive damages on the strict liability count . . . we see no logical or conceptual barrier to the imposition of such damages on a consortium count, especially because the nature of the defendant's conduct was a wrong not only to the [victim] . . . but also to his or her spouse." (Citations omitted.) Champagne v.Raybestos-Manhattan, Inc, supra, 212 Conn. 564-65. It follows, therefore, that this same rationale applies in the present action where punitive damages are permitted by statute for a violation of motor vehicle statutes resulting in a cause of action for the personal injury of loss of consortium.
General Statutes § 14-295[1] allows recovery for personal injury that results from reckless violation of the motor vehicle statutes. As discussed above, loss of consortium is a personal injury recognized by Connecticut courts, and the plaintiffs have pleaded their entitlement to multiple damages under § 14-295 by allegations that the defendants recklessly violated enumerated motor vehicle statutes.[2]
Thus, the plaintiff has sufficiently pleaded violations of the motor vehicle statutes to warrant the demand of punitive double or treble damages on the spouse's claim pursuant to General Statutes § 14-295, therefore, there is no barrier to the demand and imposition of such damages on the loss of consortium claim.
Based on the foregoing, the plaintiff's claims are sufficient, and a demand for damages pursuant to General Statutes § 14-295 is proper for a claim of loss of consortium. Accordingly, the defendant's motion to strike counts six and twelve, and the demand for relief of double or treble damages, is denied.
MORAN, J.