[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE # 116
The Plaintiff, Town of Wallingford, filed an amended complaint[1] on April 26, 1999 seeking a declaratory judgment[2] to determine whether the defendant, Reliance Insurance Company, has a duty to defend and indemnify the town under a Commercial General Liability policy bearing the policy number JK2828182 for claims arising during the period of July 1, 1995 to July 1, 1996. Partial judgment was entered on July 20, 1999 against the defendants Robert Green Construction and Maytime Farm, who were nonsuited for failure to appear.
This action arises out of an underlying action, currently pending in this court, entitled Janeway v. Robert GreeneConstruction, Superior Court, judicial district of New Haven at New Haven, Docket No. 406109. The present complaint alleges that the claimants in the underlying action are claiming damages for bodily injuries allegedly caused by polluted well water. The underlying action alleges that Wallingford was negligent in the CT Page 647 enforcement of the State of Connecticut Department of Health Code 19-13B51d, by granting a permit for the installation of a well on the underlying plaintiffs property, and by approving the Well Drilling Completion Report.
On July 16, 1999, Reliance filed an answer, special defenses and claim for the jury list. The first special defense raises a lack of subject matter jurisdiction which has been resolved by Wallingford's amended complaint that now includes all parties having an interest in the outcome of this litigation. The second, third, fourth and sixth special defenses assert that the underlying claim against Wallingford, on its face, falls within the terms of the endorsements to the policy and is therefore excluded. These endorsements include "Total Pollution," "Public Officials Errors and Omissions," and "Government Subdivisions" exclusions. The fifth special defense claims that the underlying complaint fails to allege an "occurrence" as defined in the policy and therefore does not fall within the policy's Insuring Agreement. The seventh special defense asserts that the underlying complaint seeks punitive damages which are barred by the public policy of the state of Connecticut. Wallingford's reply denies all allegations contained in each special defense.
Subsequently, Wallingford filed the present motion to strike Reliance's claim for a jury on the ground that the present action was not one which was triable by a jury in 1880. See General Statutes § 52-215. Wallingford also filed a certificate of closed pleadings and claimed the present action for trial by the court. Reliance timely filed an objection to Wallingford's motion to strike on the ground that the constitutional right to a jury trial attaches to the present action for declaratory relief. The defendant further objects on the basis that it is premature to determine whether a trial of this case will ultimately present issues of fact to be determined by a jury. Wallingford's reply memorandum argues that the sole issue is whether an action for declaratory judgment is to be entered on the docket as a court case pursuant to § 52-215 of the General Statutes.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael.Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). A party may move that a case be stricken from the jury docket. See L R Realty v. Connecticut National Bank,246 Conn. 1, 17, 715 A.2d 748 (1998) (holding that the trial court properly CT Page 648 granted the defendant's motion to strike cases from the jury docket). "Historically, a motion to strike pursuant to Practice Book (1978 Rev.) 282[3] had been the proper vehicle to strike a jury claim." Trantolo v. State, Superior Court, judicial district of Hartford at Hartford, Docket No. 569475 (June 8, 1999, Teller, J.) (25 Conn. L. Rptr. 19, 20), citing Skinner v.Angliker, 211 Conn. 370, 373, 559 A.2d 701 (1989).
The appropriate method for a challenge to a claim for jury trial is by an objection. See Dietz v. Yale-New Haven Hospital,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 368317 (June 22, 1998, Silbert, J.) (22 Conn. L. Rptr. 358, 360 n. 1), see also W. Horton K. Knox, 1 Connecticut Practice Series: Practice Book Annotated (4th Ed. 1998) § 14-10, comments, p. 515 ("[s]ince the 1996 repeal of P.B. § 282 (the rule providing the authority for a motion to strike a case from the jury docket), an objection to the claim filed under this rule may suffice.") Where an opposing party fails to raise a technical error on a motion, however, "a court can treat the `improperly named' motion as the procedurally proper mechanism that it should have been." Dietz v. Yale-New Haven Hospital, supra, 22 Conn. L. Rptr. 360 n. 1; see also McCutcheon Burr,Inc. v. Berman, 218 Conn. 512, 526-27, 590 A.2d 438 (1991); Paulv. New Haven, 48 Conn. App. 385, 388 n. 2, 710 A.2d 789 (1998);Girard v. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996); Coollick v. Windham,7 Conn. App. 142, 145, 508 A.2d 46 (1986).
In the present case, Wallingford filed a Motion to Strike Defendant's Claim for Jury on the ground that the action "was not one which was triable by a jury in 1880." Reliance did not raise an objection in its opposing memorandum of law regarding the proper procedural mechanism to strike a claim for jury. In accordance with this court's ruling in Dietz v. Yale-New HavenHospital, supra, 22 Conn. L. Rptr. 358, Wallingford's motion to strike the defendant's claim for a jury is treated as an objection to Reliance's claim for a jury pursuant to Practice Book § 14-10.
"The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties . . . and to make certain that the declaration will conclusively settle the whole controversy." (Citations omitted; internal quotation marks omitted.) MannweilerCT Page 649v. LaFlamme, 232 Conn. 27, 33, 653 A.2d 168 (1995). General Statutes § 52-29 (a) requires that a declaratory judgment "declare rights and other legal relations." "Similarly, Practice Book [§ 17-55] requires that the plaintiff be in danger of a loss or uncertainty as to his rights or other jural relations and that there be a bona fide issue in dispute or substantial uncertainty of legal relations." (Emphasis omitted; internal quotation marks omitted.) Wilson v. Kelley, 224 Conn. 110, 115, 617 A.2d 433
(1992). "Thus, [d]eclaratory relief is a mere procedural device by which various types of substantive claims may be vindicated." (Internal quotation marks omitted.) Id., 115-16. Declaratory judgment actions have been used to determine whether an insurer has a duty to defend and indemnify its insured. See Holy TrinityChurch of God in Christ v. Aetna Casualty Surety Co.,214 Conn. 216, 217, 581 A.2d 107 (1990). Further, the construction of an insurance contract presents a question of law. See Peerless Ins.Co. v. Gonzales, 241 Conn. 476, 483, 697 A.2d 680 (1997). Moreover, "[u]nlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review . . . construction of a contract of insurance presents a question of law . . . which this court reviews de novo." Imperial Casualty Indemnity Co. v. State, 246 Conn. 313, 325, 714 A.2d 1230 (1998).
"The rules governing actions for declaratory judgments state: `Issues of fact necessary to the determination of the cause may be submitted to the jury as in other actions.' Practice Book [§ 17-56 (6)]. This provision makes applicable to actions for declaratory judgments the principles we have stated; and, accordingly, in Linahan v. Linahan, 131 Conn. 307, 314,39 A.2d 895, we pointed out that issues might be presented which a party would have a right to have tried to the jury, but we held that the issue in that case was one which would have been cognizable in equity, and hence there was no right to have it tried to a jury" United States Fidelity Guaranty Co. v. Spring Brook FarmDairy, Inc., 135 Conn. 294, 297-98, 64 A.2d 39 (1949).
"An action for a declaratory judgment is a special statutory proceeding, not one in equity." Connecticut Savings Bank v. FirstNational Bank, 133 Conn. 403, 409, 51 A.2d 907 (1947); SeeSilberman v. McLauglin, 129 Conn. 273, 276, 27 A.2d 634 (1942). "As regards statutory actions created since 1818 [when Connecticut adopted its constitution] within the scope of which fall issues which, if presented in ordinary actions, might be determined either at law or in equity, the right of trial by jury CT Page 650 as to the former still exists." U.S. Fidelity Guaranty Co. v.Spring Brook Farm Dairy, Inc., supra, 135 Conn. 297. "Actions for declaratory judgments were created by a statute enacted in 1921; Public Acts, 1921, Chap. 258; and, subject to the constitutional limitation we have stated, are under the statute to be entered upon the court docket." Id., 298.
"The standards used to determine whether a party is entitled to a trial by jury are well established." Ford v. Blue Cross BlueShield of Connecticut. Inc., 216 Conn. 40, 49, 578 A.2d 1054
(1990). "Under, article first, § 19, of the Connecticut constitution as amended, [t]he right of trial by jury shall remain inviolate." (Internal quotation marks omitted.) Id. "We have consistently held that the scope of article first, § 19, is defined by applying a historical test. The right to trial by jury may not be abrogated for causes of action that were triable to the jury prior to the constitution of 1818, and extant at the time of its adoption. Consequently, statutory actions established since our adoption of the constitution in 1818 ordinarily fall outside the scope of the provision, unless, perhaps, the new remedy constitutes a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury." (Citations omitted; internal quotation marks omitted.) Id.,49-50.
"We have held, therefore, that the right to a jury trial exists both in cases in which it existed at common law at the time of the adoption of the constitutional provisions preserving it and
in cases substantially similar thereto." Ford v. Blue Cross Blue Shield of Connecticut. Inc., supra, 216 Conn. 50. "At common law, legal claims [were] tried by a jury, [and] equitable claims [were] tried by a court." (Internal quotation marks omitted.) Id. "Equitable actions[4], therefore, are not within the constitutional guarantee of trial by jury." Id.
"General Statutes § 52-215, provides that as a matter of right, civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity should be entered on the docket as jury cases upon proper request." (Internal quotation marks omitted.) Id. "Section52-215 goes on to state that certain enumerated actions and all other special statutory proceedings, which, prior to January 1, 1880, were not triable by jury, shall be tried to the court without a jury." (Internal quotation marks omitted.) Id. "[T]he term `special statutory proceedings' cannot be construed, under CT Page 651 the constitutional provisions guaranteeing jury trials, [however,] to mean any cause of action whatsoever, simply because it is authorized by an enactment of the legislature. If it could, the legislature, by the process of giving legislative sanction to common-law causes of action, could, in the course of time, obviate the guarantees of jury trial completely." (Internal quotation marks omitted.) Id., 50-51. "As a general rule, jury trials may be denied in purely statutory proceedings." WindhamCommunity Memorial Hospital v. Windham, 32 Conn. Sup. 271, 273,350 A.2d 785 (1975); see also Ford v. Blue Cross Blue Shield ofConnecticut, Inc., supra, 216 Conn. 61.
"The test is whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury." (Internal quotation marks omitted.) Ford v. Blue Cross Blue Shield of Connecticut,Inc., supra, 216 Conn. 51; see also U.S. Fidelity Guaranty Co.v. Spring Brook Farm Dairy, Inc., supra, 135 Conn. 297. "Accordingly, in determining whether a party has a right to a trial by jury under the state constitution and § 52-215, the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted." (Internal quotation marks omitted.) Ford v. Blue Cross Blue Shield of Connecticut,Inc., supra, 216 Conn. 51. "This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity." (Internal quotation marks omitted.) Id. "If the action existed at common law and involved a legal remedy, the right to a jury trial still exists and the legislature may not curtail that right either directly or indirectly." Id.
U.S. Fidelity Guaranty Co. v. Spring Brook Farm Dairy, Inc,
supra, 135 Conn. 294, involved an action for declaratory judgment to determine whether the defendant administrator's decedent was an employee of the named defendant within the Worker's Compensation Act and whether the plaintiff could claim immunity from liability in tort in an action for wrongful death. Id., 295-96. Prior to trial, the defendant filed an answer and claimed the case to the jury list. See id., 296. The plaintiff moved that the case be stricken from the jury list, arguing that "while issues of fact might be submitted to the jury as in other actions, it was improper to claim the entire case for the jury." Id. The court denied the plaintiffs motion without a memorandum. See id. "[I]nstead of submitting the case to the jury for a general CT Page 652 verdict, [the court] put to them seven specific interrogatories which they answered." Id., 296-97.
On appeal, the plaintiff argued that "it had a right to have all the issues in the case tried by the court without a jury and that to submit any of them to the jury constituted error." Id., 297. The Supreme Court held that "[a]ctions for declaratory judgments were created by a statute enacted in 1921 . . . and, subject to the constitutional limitation we have stated, are under the statute to be entered upon the court docket." Id., 298. The court further found that "the [Workers's Compensation Act] was first enacted in 1913, and so the issue [there] presented was not one which was triable by a jury in 1818, when the constitution was adopted, or in 1880, 50 that under neither the constitution nor the statute was it one which could properly be entered on the jury docket . . ." Id., 298-99. "It is true that a court may, on the application of either party, order that any issue or issues of fact in an action demanding equitable relief be tried by a jury . . . but an action for declaratory judgment is not one in equity . . ." (Citations omitted.) Id., 299. The court found that the interrogatories should not have been submitted to the jury, but that error did not require the court to remand for a retrial.
In U.S. Fidelity Guaranty Co. v. Spring Brook Farm Dairy,Inc., supra, 135 Conn. 298, the Supreme Court held that the Declaratory Judgment Act was enacted post 1818, and is therefore subject to the constitutional limitation. See id. Although a jury cannot decide whether to grant a declaratory judgment, it still may decide factual issues essential to the cause of action. See Practice Book 17-54 and 17-56 (6). This is why the court inSpring Brook also analyzes the Worker's Compensation issue. The "vital issue" in the Spring Brook case was whether the decedent was an employee under the Worker's Compensation Act. Id., 298-99. The act was passed in 1913, so the issue would not properly be tried to a jury in 1818, and it was therefore proper to strike the case from the jury docket. In the present case, the vital issue is whether the defendant has the duty to defend and indemnify the plaintiff under the insurance contract. All questions before this court are questions of law rather than fact
and would not be triable to a jury prior to 1818, prior to 1880 or today.
Wallingford argues that under General Statutes § 52-215, the present declaratory judgment action is "not one which was triable CT Page 653 to a jury in 1880." Further, Wallingford argues that declaratory judgment actions were created by a statute enacted in 1921 and are under the statute to be entered upon the court docket. Wallingford also argues that the present case does not raise the "constitutional limitations" addressed in U.S. Fidelity Guaranty Co. v. Spring Brook Farm Dairy, Inc., supra,135 Conn. 294, such that if a declaratory action case raises issues triable by jury, then the right to trial would nevertheless exist.
Reliance, however, argues that a "constitutional right to a jury trial attaches to this action for declaratory relief seeking a determination of contractual rights. . . ." and that it is "premature to determine whether a trial of this case will ultimately present issues of fact to be determined by a jury." Reliance also argues that "the fact remains that the plaintiffs statement that the case will raise no issue triable to the jury does not bind the plaintiff or the court from finding such issues in the future, at which time the defendant would have lost its constitutional right to trial by jury."
Wallingford has removed all equitable claims in its Amendment to Prayer for Relief. Because the present declaratory judgment action is a special statutory proceeding enacted in 1921, however, under the holding of U.S. Fidelity Guaranty Co. v.Spring Brook Farm Dairy, Inc., supra, 135 Conn. 294, the present action should enter on the court docket. Moreover, the complaint raises no questions of fact, and the construction of an insurance contract presents a question of law. Thus, § 52-215 does not support the inclusion of this claim on the jury docket.
For all of the above reasons, the motion to strike the claim for a trial by jury is granted.
Jonathan E. Silbert, Judge